## W<span>RIGHT</span> *v.* Ross.

The action of detinue will lie in Iowa, and may be maintained for a pistol, or any other chattel that may be so identified as to be recovered in specie.

A statement, before a justice of the peace, is sufficiently specific in detinue, which describes the property as "a six barreled pistol called a six shooter or revolver."

The official return of a justice, cannot be impeached by the mere traverse plea of a party or his attorney, where the record shows no evidence to support it.

Where property is taken from a borrower M, by unavoidable force and the bailor seeks to recover it in detinue from W, it was held that M is a competent witness for the bailor.

### *Error to Wapello District Court.*

*Opinion by* G<span>REENE</span>, J.   W. G. Ross commenced an action of detinue before a justice of the peace, to recover a pistol from G. M. Wright.   Plaintiff recovered judgment, and the defendant took the case to the district court by writ of *certiorari*, where the judgment of the justice was affirmed.   Upon the trial of the *certiorari*, the following questions were raised and decided in the affirmative: 1. Is a pistol such property as may be sued for, in an action of detinue?   2. Is the description of the property sufficiently specific?   3. Was May a competent witness for Ross?   It is now contended, that these propositions should have been decided in the negative, and that the judgment of the justice should have been reversed.   As these points were respectively urged, in the argument, we will give to each a brief notice.

1. Is a pistol such property as may be sued for in an action of detinue?   This action has nearly fallen into disuse, and has given place to the more usual actions of replevin or trover.   Still it is not forbidden by statute, nor is it altogether obsolete, and may therefore be maintained by our courts where properly instituted.   Detinue can only be maintained for the recovery of a personal chattel in specie.   Stephen on Pl. 16.   The thing sought to be re-

Wright *v.* Ross.

covered then must be capable of being distinguished from all others. A horse, a cow, a slave, &c., are objects that were commonly recovered in this action. But it has been held, that the action will not lie for a bushel of grain, nor for any article that cannot in its nature be distinguished from others. Co. Litt. 286, b; 3 Bk. Com. 152. The goods sought, must be so distinguishable from other property, that if the plaintiff recover, the sheriff may be able to deliver the identical goods to him. 1 Chit. Pl. 121-3. Hence a deed, or money, or corn in a bag or chest, may be recovered in this action.

The question arises, is "a six barreled pistol, called a six shooter or revolver," so distinguishable as to come within the rule laid down by the authorities? If such a pistol can be readily identified, if it can be certainly ascertained from other pistols, and proved to be the specific property sued for, it clearly follows, that it is such a chattel as may be recovered in an action of detinue. A six shooter or revolving pistol, may be as readily designated as a horse, a cow, a slave, a bag of money, or a sack of wheat; and for all these objects detinue has been commonly maintained. It was held in *Mansell* v. *Israel*, 3 Bibb. 510, that detinue will lie against executors or administrators, for money obtained by them in that character.

It has been held, that detinue will lie for a negro woman by name without stating her complexion or age; also for a cow without describing her color, or for a certain number of knives and forks without a particular description. *Haynes* v *Crutchfield*, 7 Ala. 189. If such articles can be sufficiently identified to justify the action of detinue, it is obvious that an object so rare as a revolving pistol will come within the rule.

2. The next question raised is, does the complaint filed before the justice, set forth a sufficiently explicit description of the property? It is described as "a six barreled pistol called a six shooter or revolver." This description it is true, is rather general; it is not as specific as it might have been, it is more descriptive of the class to which the

pistol belongs, than of the pistol itself. But still we think the description substantially sufficient, even if the action had been commenced in the district court. The description is as specific as is ordinarily required, either in trover or detinue. Swan's Pr. 585, 589 note 1. In *Haynes* v. *Crutchfield*, 7 Ala. 189, a much more general description was held to be good.

Besides, this case was commenced before a justice of the peace, where nothing more than a brief statement of the nature of the plaintiff's demand or cause of action is required. *Rev. Stat.* 314, §1.

3. It is objected that May an interested witness, was permitted to testify in behalf of plaintiff. It appears by the justice's amended transcript, that May was offered as a witness and that defendant's counsel required him to be sworn as to his interest in the event of the suit; that witness answered, that he did not consider himself interested, and that plaintiff offered to execute a release to witness, but it was not required by defendant's counsel.

The return was traversed by defendant's counsel. This traverse states, that May swore that he borrowed the pistol of Ross, and that it had been unexpectedly wrested from him by Wright, in whose possession it was, and that as Ross had sought a specific recovery of the pistol from Wright, he did not consider himself responsible to Ross. It does not appear that there was any evidence to support the traverse. The court decided, that this traverse did not show that the justice had erred. In this decision, we can see no error. The official return of a justice, cannot be impeached by the mere traverse plea of a party or his attorney. But even the traverse does not show that May was an incompetent witness. It shows that the pistol had been unexpectedly wrested from May by Wright. It is a rule of law, that if a borrowed article perish or be lost or injured, by theft, accident or casualty, which could not be foreseen or avoided, the borrower is not liable. 2 Kent's Com. 574; Story on Bt. § 240. In such a case the utmost care must be exercised by the bailee; he is liable for slight

Wright *v.* Ross.

neglect. It may well be doubted whether May's answer on *voire dire*, shows such neglect; it shows that the property had been forcibly wrested from him, and was in possession of the defendant from whom it might be specifically recovered. The plaintiff knowing where his property was, preferred such a recovery to an uncertain remedy against May; and it appears by the return of the justice without denial, that plaintiff proposed to release May, and that thereupon he was permitted to testify without further objection. Admitting the traverse to be correct, we think under all the circumstances, that the court decided correctly in affirming the proceedings of the justice.

Judgment affirmed.

*H. B. Hendershott* and *B. Jones*, for plaintiff in error.

*James Baker*, for defendant.